IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re: RICK JACKSON,

                Complainant,

     v.

SMEDEMA TRUCKING, INC.,

                Respondent.

ORDER

08-cv-94-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    This case is before the court under highly unusual circumstances. Until now, the case was proceeding before an administrative law judge with the United States Department of Labor on complainant Rick Jackson's claims that respondent Smedema Trucking, Inc. retaliated against him for making safety-related complaints, in violation of the Surface Transportation Assistance Act of 1982, 49 U.S.C. § 31105. The administrative law judge found in favor of respondent in an order dated February 6 and recommended dismissal of the claim. That portion of the case was "automatically forwarded for review to the Administrative Review Board." Dkt. #2, attachment 20.

    One day earlier, the administrative law judge considered respondent's request for sanctions under Fed. R. Civ. P. 11. Although the judge stated that the complaint "appears

1

to violate [Rule 11]" because it was submitted "with no evidentiary support" and for the purpose of harassing respondent, the judge declined to award sanctions, concluding that his authority to do so was "too unclear." Dkt. #2, attachment 19. Instead, the judge decided to invoke a rarely used regulation, 29 C.F.R. § 18.29(b):

> Enforcement. If any person in proceedings before an adjudication officer disobeys or resists any lawful order or process, or misbehaves during a hearing or so near the place thereof as to obstruct the same, or neglects to produce, after having been ordered to do so, any pertinent book, paper or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take the oath as a witness, or after having taken the oath refuses to be examined according to law, the administrative law judge responsible for the adjudication, where authorized by statute or law, may certify the facts to the Federal District Court having jurisdiction in the place in which he or she is sitting to request appropriate remedies.

The administrative law judge interpreted this provision to mean that he could refer possible Rule 11 violations to federal district court. He sent the case to this court because complainant resides in the Western District of Wisconsin.

Accordingly, IT IS ORDERED that the parties are directed to appear before this court on Wednesday, March 12, 2008 at 8:30 a.m. for a hearing to resolve the matter the administrative law judge referred to this court. The parties should be prepared to discuss the following at the hearing:

(1) whether this court has jurisdiction to decide this matter and authority to impose sanctions on complainant under Fed. R. Civ. P. 11;

(2) whether sanctions are appropriate; and

2

(3) what the appropriate sanction is, if any.

If the parties wish to submit any written materials before the hearing, such as a brief, they should do so no later than Friday, March 7, 2008.

Entered this 21st day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3