IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re: RICK JACKSON,

                                                        OPINION AND ORDER

                Complainant,

                                                        08-cv-94-bbc

     v.

SMEDEMA TRUCKING, INC.,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       The question in this case is an unusual one: does a federal court have authority to impose sanctions on a party under Fed. R. Civ. P. 11 in a case that has been proceeding before a federal agency and has been referred to the court by an administrative law judge under a federal regulation for the sole purpose of imposing sanctions? I conclude that the answer is no. By itself, a federal regulation cannot provide a court with a basis for jurisdiction. Even if it could, the regulation at issues in this case, 29 C.F.R. § 18.29(b), does not apply to Rule 11 violations.

       The case began as a claim before the Department of Labor by complainant Rick Jackson that respondent Smedema Trucking, Inc. retaliated against him for making safety-related complaints, in violation of the Surface Transportation Assistance Act of 1982, 49

1

U.S.C. § 31105. The administrative law judge found in favor of respondent in an order dated February 6, 2008, and recommended dismissal of the claim. That portion of the case was "automatically forwarded for review to the Administrative Review Board." Dkt. #2, attachment 20.

One day earlier, the administrative law judge considered respondent's request for sanctions under Fed. R. Civ. P. 11. Although the judge stated that the complaint "appears to violate [Rule 11]" because it was submitted "with no evidentiary support" and for the purpose of harassing respondent, the judge declined to award sanctions, concluding that his authority to do so was "too unclear." Dkt. #2, attachment 19. Instead, the judge decided to invoke a rarely used regulation, 29 C.F.R. § 18.29(b):

> Enforcement. If any person in proceedings before an adjudication officer disobeys or resists any lawful order or process, or misbehaves during a hearing or so near the place thereof as to obstruct the same, or neglects to produce, after having been ordered to do so, any pertinent book, paper or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take the oath as a witness, or after having taken the oath refuses to be examined according to law, the administrative law judge responsible for the adjudication, where authorized by statute or law, may certify the facts to the Federal District Court having jurisdiction in the place in which he or she is sitting to request appropriate remedies.

The administrative law judge interpreted this provision to mean that he could refer possible Rule 11 violations to federal district court. He sent the case to this court because complainant resides in the Western District of Wisconsin.

A hearing was held before this court on March 12, 2008. Defendant appeared by

2

Edward Corcoran. Plaintiff appeared in person without counsel.

The first and last question I must address is whether § 18.29(b) gives a federal court the authority to exercise jurisdiction over a case. The answer is no: Congress, not federal agencies, determines the jurisdiction of federal courts. <u>Stoneridge Inv. Partners, LLC v. Scientific-Atlanta</u>, 128 S. Ct. 761, 772 (2008). Under 49 U.S.C. § 31105(b)(1), Congress has vested the Department of Labor with sole jurisdiction to hear complaints under the Surface Transportation Assistance Act. Judicial review by district courts is addressed in § 31105(c), which permits the exercise of jurisdiction only when the agency has failed to decide a complaint. Tellingly, neither respondent nor the administrative law judge cited any authority for the proposition that a federal agency may compel a district court to decide a matter by enacting a regulation.

Moreover, the regulation itself is limited to situations in which referral to the district court is "authorized by statute or law." Presumably, "authorized by . . . law" does not mean "authorized by this regulation." If that were the case, there would be no reason to include the phrase in the regulation. Respondent has not identified any law that would authorize referring this matter to federal district court.

The cases cited by the administrative law judge and respondent, <u>Triple A Machinists Shop Inc. v. Olsen</u>, 2008 U.S. Dist. LEXIS 4573 (Jan. 11, 2008), and <u>Metropolitan Stevedore Co. v. Brickner</u>, 11 F.3d 887 (9th Cir. 1993), both involved a *statute* that

3

explicitly authorized administrative law judges to refer issues of "contempt" to a district court in cases arising under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 927(b), a statute not at issue in this case. Thus, neither Brickner nor Olsen supports an exercise of jurisdiction in this case.

In my own research, I discovered two courts that have applied § 18.29(b) in unpublished cases, but in neither case did the court address the issue of jurisdiction. In re Thomas, 2001 WL 274750 (5th Cir. 2001) (unpublished); Reich v. Neeb-Kearney and Co., Inc., 1994 WL 660565, *1 (E.D. La. 1994). Further, Thomas arose under the Longshore and Harbor Workers' Compensation Act, meaning that authority to impose sanctions came directly from 33 U.S.C. § 927(b). Reich involved a request to enforce an agency's subpoena, which the court would have had authority to do with or without § 18.29(b). See, e.g., Chao v. Local 743, International Brotherhood of Teamsters, AFL-CIO, 467 F.3d 1014, 1017 (7th Cir. 2006) (court may enforce agency subpoena if "(1)the inquiry is within the authority of the agency, (2) the demand is not too indefinite, and (3) the information sought is reasonably relevant to the investigation").

In its brief, respondent says that federal courts have authority to sanction parties under Fed. R. Civ. P. 11. Of course that is true, but only when a party has violated Rule 11 in the context of the court's own proceedings. Respondent cannot argue successfully that Rule 11 gives a federal district court roving authority to sanction a party for conduct

4

performed before any tribunal.

Even if 29 C.F.R. § 18.29(b) did provide a basis for exercising jurisdiction, that would not get respondent very far because the regulation does not apply to this situation. The plain language of the regulation shows that it applies to misconduct at hearings and refusals to comply with court orders. No reasonable interpretation of the regulation could extend its scope to include the filing of a frivolous complaint. Neither the administrative law judge nor respondent developed an argument to the contrary.

This interpretation of the regulation is supported by the consequences that would follow in the alternative. As noted above, the merits of complainant's case are on appeal before the Administrative Review Board. Obviously, the issue whether complainant's case is frivolous and the issue whether the administrative law judge decided the case correctly on the merits are closely related. Thus, any determination by this court under Rule 11 could interfere with the proceedings before the review board, raising complex questions of preclusion and presenting a significant risk of friction between the executive and judicial branches. This risk is eliminated if § 18.29(b) is limited to matters that are unrelated to the merits of the appeal.

Although the frustration of the administrative law judge is understandable, if current law does not provide sufficient tools to curb frivolous administrative complaints, the solution is not to force a square peg into a round hole. Additional authority must come from the

5

agency or from Congress; it does not exist under § 18.29(b).

## ORDER

IT IS ORDERED that this case is DISMISSED for lack of jurisdiction and the matter is REMANDED to the administrative law judge for the Department of Labor. The clerk of court is directed to close this case.

Entered this 12th day of March, 2008.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge